THE STATE, EX REL. SORRELLS ET AL., APPELLANTS, *v.*
MOSIER TREE SERVICE ET AL., APPELLEES.

[Cite as State, ex rel. Sorrells, v. Mosier Tree Service
(1982), 69 Ohio St. 2d 341.]

(No. 81-696—Decided February 24, 1982.)

342

*E. S. Gallon & Associates Co., L.P.A.,* and *Mr. Jeffrey V. Nackley,* for appellants.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Charles J. Kurtz, III* and *Ms. Roberta Y. Bavry,* for appellee Mosier Tree Service.

*Mr. William J. Brown,* attorney general, and *Mr. James E. Uprichard, Jr.,* for appellee Industrial Commission.

*Per Curiam.* The sole issue presented for resolution herein is whether the Industrial Commission abused its discretion when it denied the application for an additional award. See *State, ex rel. Ruggles,* v. *Stebbins* (1975), 41 Ohio St. 2d 228, and cases cited therein.

In interpreting Ohio Adm. Code 4121:1-19-02 (formerly IC-19-02), the Industrial Commission determined that it "does not apply to this employer and the work in which this employer was engaged * * * ." This interpretation appears reasonable. Ohio Adm. Code 4121:1-19-01(B) provides that "[t]he terms used in these rules shall be interpreted in the most commonly accepted sense consistent with the electric utility industry." The clear import of this provision is that the rules, themselves, are applicable only to the electric utility industry. The phrase "electric utility industry" is not defined in the Revised Code. However, "the word 'industry' [has been] defined as:

" '3b. A department or branch of a craft, art, business, or manufacture: a division of productive or profit-making labor,

esp. one that employs a large personnel and capital, esp. in manufacturing. c. a group of productive or profit making enterprises or organizations that have a similar technological structure of production and that produce or supply technically substitutable goods, services or sources of income * * * [Webster's New International Dictionary, Unabridged (1961) ].' " *State* v. *Jacksonville Port Authority* (Fla. 1974), 305 So. 2d 166, 168-69. Similarly, " 'Industry' has been defined as 'any department or branch of art, occupation, or business conducted as a means of livelihood or for profit; especially, one which employs much labor and capital and is a distinct branch of trade.' Black's Law Dictionary, (4th Ed. 1968) pg. 916." *Development Authority of DeKalb County* v. *Beverly Enterprises* (1981), 247 Ga. 64, 66, 274 S.E. 2d 324.

Utilizing the foregoing definitions, we find that the phrase "electric utility industry" means that industry which is concerned with the production and distribution of electric power. Also, as noted by the Court of Appeals below, the "[specific safety] standards refer to insulative and other requirements that an electric company uses when its employees are working on high voltage electric lines. Tree trimmers do not work on deenergized circuits and do not use equipment like hot tools, plastic line hose, or insulated blankets."

"This court has held on many occasions that the determination of disputed factual situations as well as the interpretation of a specific safety requirement is within the final jurisdiction of the Industrial Commission. * * * [Citations omitted.]" *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 50. Under the circumstances present in this case, we cannot say that the Industrial Commission has abused its discretion.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.