THE STATE, EX REL. DILLON, APPELLEE, *v.* DAYTON PRESS, INC., APPELLANT, ET AL.

[Cite as State, ex rel. Dillon, *v.* Dayton Press, Inc. (1983), 6 Ohio St. 3d 295.]

(No. 82-1442—Decided August 24, 1983.)

*E. S. Gallon & Assoc. Co., L.P.A., Mr. Richard M. Malone* and *Mr. John A. Cervay,* for appellee.

*Smith & Schnacke Co., L.P.A., Mr. Gary W. Auman* and *Mr. Brad A. Chalker,* for appellant Dayton Press, Inc.

*Per Curiam.* Ohio Adm. Code 4121-3-20 sets forth procedural requirements applicable to claims asserting an employer's violation of a specific safety requirement. That section provides in pertinent part:

"(A)  An application for an additional award of compensation founded upon the claim that the injury * * * resulted from the failure of the employer to comply with * * * [a] specific [safety] requirement * * * must be filed * * * with the industrial commission, within two years of the injury * * *. *Such applications* should set forth the facts which are the basis of the alleged violation and *shall cite the section or sections of the law or code of specific safety requirements which it is claimed have been violated.* * * *

"* * *

"(D)  * * * Within thirty days from the receipt of the investigation report, *the claimant may amend his application* to include any violation demonstrated by the investigation, *but in no event more than two years from the date of the injury."* (Emphasis added.)

Appellant's primary contention is as follows: that pursuant to Ohio Adm. Code 4121-3-20 (A) and (D), an application for an additional award based upon the violation of a specific safety requirement must be filed with the commission and numerically designate the safety requirement claimed to have been violated within two years of the injury. According to appellant, these requirements are jurisdictional in nature and the failure of a claimant to comply constitutes justifiable cause for the commission to dismiss an application. In support of this contention, appellant principally relies upon *State, ex rel. Fruehauf Trailer Co.,* v. *Coffinberry* (1950), 154 Ohio St. 241 [43 O.O. 126], and *State, ex rel. DeBoe,* v. *Indus. Comm.* (1954), 161 Ohio St. 67 [53 O.O. 5].

In *State, ex rel. Fruehauf Trailer Co., supra,* the claimant filed a formal application for the violation of several specific safety requirements more than two years after the date of his injury. An examination of the facts contained therein reveals that approximately twenty-two months after the date of the

claimant's injury, his wife sent the first of several communications to the commission in an attempt to secure the proper forms upon which to file for an additional award. Despite having made three requests within the two-year period, the claimant did not receive and therefore file the proper forms until the limitation period had elapsed. The issue presented was whether the correspondence between the claimant's wife and the commission constituted a claim for the award within the two-year limitation period.

This court held that it did not, concluding that the letters in question were insufficient to constitute an application for an additional award under Commission Rule No. 1[2] which was the functional equivalent of Ohio Adm. Code 4121-3-20 (A).

In *State, ex rel. DeBoe, supra,* the claimant filed his application for additional compensation within the two-year period. However, after the expiration of the two-year period and the commission's denial of the claim, the employee filed a motion for reconsideration asserting for the first time a violation by his employer of another specific safety requirement not set forth in his original application.

The motion was denied by the commission. This court upheld that determination concluding, *inter alia,* that the motion for reconsideration presented an altogether separate and distinct claim for the violation of a specific safety requirement which had not been asserted within the two-year period.[3]

Appellee argues that our decisions in *State, ex rel. Fruehauf Trailer Co.* and *State, ex rel. DeBoe,* are readily distinguishable from the case at bar in that the issue presented in those cases involved whether the applications had been timely filed, whereas the present issue relates to the specificity of an application. We agree, and for the reasons that follow we affirm the judgment of the court of appeals.

This court has previously expressed the view that the state workers' compensation system is designed to enable injured workers to file and process claims without the necessity of hiring legal counsel. *Roma* v. *Indus. Comm.* (1918), 97 Ohio St. 247, 252. In addition, R.C. 4123.10 provides that "[t]he industrial commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure * * *."

---

[2] Although having been displaced by Ohio Adm. Code 4121-3-20(A), Commission Rule No. 1 provided:

"An application for additional award of compensation based upon the claim that the injury, occupational disease or death resulted because of the failure of the employer to comply with a specific requirement for the protection of the health, lives or safety of employees, must be filed within two years after the date of such injury, occupational disease or death, in duplicate, on forms prescribed by the Industrial Commission, setting forth the facts which are the basis of the alleged violation, and the section or sections of the law or code of specific requirements applicable."

[3] Also at issue in *State, ex rel. DeBoe, supra,* was Commission Rule No. 1. See footnote 2, *supra.*

Consistent with this legislative policy, we have on numerous occasions held that technical rules of procedure should not be allowed to defeat an otherwise valid claim under the Workers' Compensation Act. *W. S. Tyler Co. v. Rebic* (1928), 118 Ohio St. 522; *Kaiser* v. *Indus. Comm.* (1940), 136 Ohio St. 440 [17 O.O. 22]; *Toler* v. *Copeland Corp.* (1983), 5 Ohio St. 3d 88. Nonetheless, the commission's decision effectively applies rules more stringent that those provided for by the Ohio Rules of Civil Procedure applicable to the courts of law.

Although *Kaiser, supra,* involved the sufficiency of an application for initial benefits, we find the rationale contained therein particularly applicable to the case at bar where, at pages 445-446, it was stated:

"* * * A petition in a civil action may be amended after the running of the statute of limitation provided the cause of action is not changed, upon the theory that the amended pleading relates back to the commencement of the action. * * * If a petition, which is governed by more or less technical rules of pleading, may be so amended, *a fortiori*, an application for compensation not governed by technical rules may be.

"* * * [O]ccasions may arise in which an amendment may be necessary by reason of a mistake or incompleteness in the original application. In such cases an amended application or an amendment to the application may be filed."

Clearly, claimants do not enjoy an absolute right to amend applications. However, to deny an amendment under the facts *sub judice* constitutes an abuse of discretion. Here, the application was filed within the two-year limitation period on a form prescribed by the commission not clearly calling for the numerical designation of the specific safety violation claimed to have been violated. In addition, the record fails to indicate that appellee was notified or otherwise advised by the commission that his application was defective prior to the expiration of the two-year limitation period.[4]

Equally important is the fact that an examination of the application and the detailed statements contained therein demonstrates that the application is sufficiently explicit to place the commission and the employer on notice as to which specific safety requirements were claimed to have been violated. Moreover the amendment sought by appellee does not raise an unstated claim; rather, it merely seeks to clarify a previously alleged violation.[5] To

---

[4] R.C. 4123.512 requires, *inter alia,* the commission to "aid and assist a claimant in the filing of a claim and to advise the claimant of his rights under the law."

[5] Appellee seeks to amend his application to include the following numerical designations: Ohio Adm. Code 4121:1-5-05 (D)(1) and (H). Section (D)(1) provides:

"Means shall be provided at each machine, within easy reach of the operator, for disengaging it from its power supply. This shall not apply to rolling departments of iron and steel mills nor to electrical generation or conversion equipment."

Section (H) provides:

"Power-driven feed rolls, when exposed to contact, shall be guarded so as to prevent the hands of the operator from coming into contact with the in-running rolls at any point."

deny an amendment under these circumstances "would be to apply technical rules to the application and deny continuing jurisdiction." *Kaiser,* at 447. Accord *Toler* v. *Copeland Corp., supra.* Accordingly, appellee may amend his application to provide the section numbers of specific safety violations which correlate to the narrative statements contained in his original application.

For the foregoing reasons, the judgment of the court of appeals granting the writ is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.