THE STATE, EX REL. VIRGIN, APPELLANT, *v.* EMPIRE DETROIT STEEL ET AL., APPELLEES.

[Cite as State, ex rel. Virgin, *v.* Empire Detroit Steel (1986), 24 Ohio St. 3d 205.]

(No. 85-730—Decided July 2, 1986.)

*Michael J. Muldoon,* for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt* and *William W. Johnston,* for appellee Empire Detroit Steel.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard Slavin,* for appellee Industrial Commission.

*Per Curiam.* Appellant proposes that the originally filed VSSR ap-

plication was sufficient to place the commission on notice with respect to the specific safety requirements which may have been violated. It is further alleged that the amended VSSR application filed after the requisite two-year statutory period supplemented the original application by citing the relevant safety requirements. These factors are said to compel a finding that the commission abused its discretion in dismissing the amended VSSR application.

This proposition is premised upon two unreported decisions from the Court of Appeals for Franklin County. In *State, ex rel. Hamra,* v. *Allied Chemical Corp.* (Sept. 3, 1981), Franklin App. No. 81AP-112, and *State, ex rel. Stoltenberg,* v. *D.S.L. Corp.* (Feb. 27, 1979), Franklin App. No. 78AP-650, the court permitted the claimants to amend their VSSR applications after the statutory period for filing had expired on the grounds that the originally filed applications were sufficiently explicit to give notice with respect to safety requirements that might have been violated, even though the applications failed to cite a specific safety standard.

We find appellant's reliance upon *Hamra* and *Stoltenberg* misplaced. In both of these cases, the specific safety violations cited in the amended applications were directly related to the facts as pronounced in the original applications. In the case at bar, the cited safety code regulations concern the operative condition of hand tools. These regulations relate not to facts contained in the original application, but to additional facts contained only in the amended application.

This court addressed a situation similar to the case *sub judice* in *State, ex rel. DeBoe,* v. *Indus. Comm.* (1954), 161 Ohio St. 67 [53 O.O. 5]. The holding in *DeBoe* is concisely summarized in *State, ex rel. Dillon,* v. *Dayton Press, Inc.* (1983), 6 Ohio St. 3d 295, 298, as follows:

"In *State, ex rel. DeBoe, supra,* the claimant filed his application for additional compensation within the two-year period. However, after the expiration of the two-year period and the commission's denial of the claim, the employee filed a motion for reconsideration asserting for the first time a violation by his employer of another specific safety requirement not set forth in his original application.

"The motion was denied by the commission. This court upheld that determination concluding, *inter alia,* that the motion for reconsideration presented an altogether separate and distinct claim for the violation of a specific safety requirement which had not been asserted within the two-year period."

Based upon this precedent, appellant's amended VSSR application was properly subject to dismissal.

Appellant also challenges a commission ruling made during the hearing which denied appellant's request for the investigation of five of decedent's co-workers.

The facts demonstrate that appellant did not notify the commission of her desire to seek additional proof within thirty days of the hearing as was

expressly required in a letter which accompanied the report of investigation issued prior to the hearing. In fact, appellant did not communicate her desire for further investigation until the actual hearing on this matter. It is also evident from appellant's own representations at the hearing that only two of the named individuals actually witnessed the decedent's injury. Such factors dissuade this court from finding that the commission's ruling manifests an abuse of discretion.

For the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.