THE STATE, EX REL. THOMPSON BUILDING ASSOCIATES, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Thompson Bldg. Assoc., Inc., *v.* Indus. Comm. (1988), 36 Ohio St. 3d 199.]

(No. 86-1408—Decided May 4, 1988.)

*W. Michael Shay,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Jeffery W. Clark,* for appellee Industrial Commission.

*Theodore A. Bowman,* for appellee claimant.

*Per Curiam.* Appellant first urges that it was denied due process when the commission based its additional award upon the violation of provisions not cited by the employee. Appellant contends that the commission did not give it the required notice and thus the opportunity to argue these issues. Further, appellant maintains that there was no evidence to support the decision of the commission that the

injury resulted from the failure of the employer to comply with a specific safety requirement. Thus, any additional award constituted an abuse of discretion.

In granting the employee an additional award of fifteen percent, the staff hearing officer based the additional award upon violations of Ohio Adm. Code 4121:1-3-10(C)(1), (2) and (3). However, in his application for an additional award, appellee had not cited Ohio Adm. Code 4121:1-3-10(C) (2) or (3). The issue is whether appellee's failure to cite those two specific provisions prevented the commission from basing an award on them.

Here, appellee's application was sufficiently explicit to place the employer on notice as to which specific safety requirements were claimed to have been violated. *State, ex rel. Dillon,* v. *Dayton Press, Inc.* (1983), 6 Ohio St. 3d 295, 6 OBR 357, 453 N.E. 2d 566.

In *State, ex rel. Bailey,* v. *Indus. Comm.* (1986), 23 Ohio St. 3d 53, 23 OBR 127, 491 N.E. 2d 308, this court noted that the employee's application would have been sufficient had it *either* cited specific regulations or given the court a detailed description of the alleged violation of the specific safety requirement. *Id.* at 55-56, 23 OBR at 130, 491 N.E. 2d at 311. In the instant case, there is a sufficiently detailed description such that the employer knew of the safety requirement alleged to have been violated. For example, in describing his accident, appellee asserted that he climbed the scaffold to work on the roof, and a leg of the scaffold came off a two-inch by ten-inch board and sank into the ground, causing the scaffold to fall onto the parking lot. Further, in affidavits filed with the commission and relied upon by the staff hearing officer in finding violations of specific safety requirements,

both the owner of the construction company and a former field superintendent noted that one leg of the scaffold had been knocked or bumped off its foundation, probably by a car in the parking lot the night before. Clearly, this evidence presented the issue of whether the scaffold was safely and adequately supported.

Furthermore, in his application, appellee cited Ohio Adm. Code 4121:1-3-10(C)(1), which provides that:

"The footing or anchorage for scaffolds shall be sound, rigid, and capable of carrying four times the maximum rated load without settling or displacement. Unstable or loose objects shall not be used to support scaffolds."

Therefore, the employer had notice from this rule cited in the application that appellee was asserting the footing or anchorage of the scaffold was not sound, rigid, and capable of carrying four times the maximum rated load.

This notice must have drawn appellant's attention also to subdivisions (C)(2) and (3) of the rule which provide:

"(2) Scaffolds and their components shall be capable of supporting without failure no less than four times the maximum rated load.

"(3) Any scaffold including accessories, such as braces, brackets, trusses, screw legs, ladders, etc., damaged or weakened from any cause shall be immediately repaired or replaced."

These provisions also involve the footing and the support of the scaffold, which were clearly challenged in appellee's application. Therefore, the commission did not abuse its discretion in relying upon the rules that appellee had not cited.

The writ granted by the court of appeals essentially requires that the commission give a more explicit ra-

tionale for finding that the employer violated specific safety requirements. Thereafter, the employer will have the opportunity by way of mandamus to challenge any further findings of fact or conclusions of law made by the commission. Thus, there is no denial of due process either on the grounds that the employer was insufficiently placed on notice by appellee's original application for an additional award or that the employer cannot challenge once again the findings or conclusions of the commission for any alleged abuse of discretion.

Appellant's second proposition of law, that there was not some evidence that it violated a specific safety requirement, is moot in light of our disposition of this case. However, as noted *supra,* there is some evidence that the scaffold was moved from its secure foundation and that appellant was aware of this fact.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.