THE STATE EX REL. KIRBY, APPELLEE, *v.* S.G. LOEWENDICK
& SONS, INC., APPELLANT, ET AL.

[Cite as *State ex rel. Kirby v. S.G. Loewendick
& Sons, Inc.* (1992), 64 Ohio St.3d 433.]

(No. 91–863—Submitted June 2, 1992—Decided August 19, 1992.)

434

*Casper & Casper* and *Douglas W. Casper,* for appellee.

*Vorys, Sater, Seymour & Pease* and *William G. Porter II,* for appellant.

WRIGHT, J.  Appellant argues that a claimant must amend his or her VSSR application within thirty days after the claimant receives the commission's investigatory report, or alternatively, that a claimant is never entitled to amend his or her application to allege violations that were not raised prior to the expiration of the statute of limitations.  See Ohio Adm.Code 4121–3–20(A) and (A)(1); *State ex rel. Bailey v. Indus. Comm.* (1986), 23 Ohio St.3d 53, 23

OBR 127, 491 N.E.2d 308. We agree that claimant's original application did not allege a violation of Ohio Adm.Code 4121:1–3–19(C), and that the commission cannot be compelled to consider a violation that was not raised within the limitations period for VSSR applications. However, we reject appellant's additional assertion that appellee's prior unsuccessful intentional tort suit bars his VSSR application.

## I

The commission found that the amended application was barred by Ohio Adm.Code 4121–3–20(A)(1), which provides:

"Claimant or his representative may submit an amendment of his application for additional award for violation of a specific safety requirement beyond the expiration of two years following the date of injury, disability or death. Any such amendment must be submitted within thirty days of the receipt by the claimant or his counsel of the report of the investigation by the industrial commission into the alleged safety violation. * * * Such amendment shall set forth all specific safety requirements omitted from the application made prior to the expiration of the two-year period which the claimant alleges were the cause of the injury, * * * but which were omitted by reason of mistake or incompleteness. * * * *Any such amendment shall not raise any unstated claim, but shall merely clarify a previously alleged violation.*" (Emphasis added.)

The commission would not consider the claimant's amended application because it was filed more than thirty days after claimant's receipt of the report issued on June 8, 1988, and also found that "the claimant's original IC–8 application does not describe an injury which resulted from the employer's failure to shore or brace the walls or floors * * *." It is the latter statement, read in conjunction with the last sentence of Ohio Adm.Code 4121–3–20(A)(1), that demonstrates the reason that appellee is not entitled to a writ of mandamus. Regardless of whether the commission can refuse to consider an amended application filed more than thirty days after the claimant's receipt of its investigation, it need not consider a violation that is raised for the first time after the statute of limitations has expired.[1] An employee's application for an additional award due to the employer's violation of a specific safety requirement cannot be amended to include a claim that was not raised within the limitations period.

---

1. Ohio Adm.Code 4121–3–20(A) requires a claimant to file a VSSR application within two years of injury, death, or inception of occupational disease.

Appellee argues that technical rules should not operate to defeat an otherwise valid workers' compensation claim. See *State ex rel. Dillon v. Dayton Press, Inc.* (1983), 6 Ohio St.3d 295, 299, 6 OBR 357, 360, 453 N.E.2d 566, 569; R.C. 4123.10. This policy of liberal construction is the basis for allowing a claimant, in certain circumstances, to amend his or her VSSR application even though the two-year period has expired. See *State ex rel. Bailey v. Indus. Comm., supra; State ex rel. Dillon v. Dayton Press, Inc., supra.* We have never suggested, however, that the statute of limitations is a mere technicality, or that amendment can be used to circumvent the statute of limitations. To the contrary, we have repeatedly recognized that a claimant waives the right to assert a violation of a safety requirement if the claimant does not raise the violation within the statute of limitations. *State ex rel. Virgin v. Empire Detroit Steel* (1986), 24 Ohio St.3d 205, 24 OBR 432, 494 N.E.2d 1088; *State ex rel. Dillon v. Dayton Press, Inc.*, 6 Ohio St.3d at 298, 6 OBR at 360, 453 N.E.2d at 568–569; *State ex rel. DeBoe v. Indus. Comm.* (1954), 161 Ohio St. 67, 53 O.O. 5, 117 N.E.2d 925.

The claimant must assert the safety requirements that the employer allegedly violated within two years of the incident which caused the injury.[2] An allegation of a violation can be raised by the claimant's narrative description or by the rules cited in the application. For example, where an application provides a specific narrative description of the safety violation, but omits the applicable Ohio Administrative Code sections, a claimant may amend the application to add the omitted section. *State ex rel. Dillon v. Dayton Press,*

---

2. As a general rule, the claimant must, within two years of the date of injury, provide information either in the original application or an amendment thereto, sufficient to place the employer and the commission on notice of the specific safety requirements allegedly violated. We have permitted amendment after expiration of the two-year period, however, when that notice was insufficient because of an overbroad citation to the Ohio Administrative Code. In *State ex rel. Bailey v. Indus. Comm.* (1986), 23 Ohio St.3d 53, 23 OBR 127, 491 N.E.2d 308, the claimant cited an entire chapter of the Ohio Administrative Code. We recognized that citing an entire chapter without giving a detailed description of the accident was not sufficient to provide the employer or the commission with notice of the claimed violation because the employer "would be hard pressed to construct any defense other than disproving violations of every regulation in the cited chapter." *Id.* at 55, 23 OBR at 129, 491 N.E.2d at 310. Although the original application in that case did not provide sufficient notice, it did at least allege the violation later clarified by amendment. Under these circumstances, where the claimant was not notified that his application was insufficient prior to the expiration of the limitations period, we held that the claimant should have been permitted a reasonable opportunity to amend. (At that time, the commission had no provision for amendment after the expiration of the limitations period. After our decision in *State ex rel. Bailey v. Indus. Comm.*, the commission adopted Ohio Adm.Code 4121–3–20[A][1] to allow claimants to amend their applications after the statute of limitations has run, where the amendment does not raise any unstated claim, but merely clarifies the violations alleged in the original application. See 1986–1987 Ohio Monthly Record 721.)

*Inc.* (the original application described the fact that the machinery did not have safety guards or an accessible emergency stop switch, but omitted the specific Ohio Administrative Code sections); *State ex rel. Thompson Bldg. Assoc., Inc. v. Indus. Comm.* (1988), 36 Ohio St.3d 199, 522 N.E.2d 545 (the claimant's narrative description that a scaffold leg moved off its support and sank into the ground sufficiently described a violation of the requirement that scaffolds be properly supported). The citation of one code provision may also put the employer on notice of the possible violation of related requirements that appear immediately proximate to that provision. *Id.* at 201, 522 N.E.2d at 547.

In contrast, a general description of an accident does not necessarily provide the employer or the commission with notice of the specific rules that the employer allegedly violated. See *State ex rel. Virgin v. Empire Detroit Steel, supra* (a description that a vise had defective jaws was not sufficient to allege a violation of the requirement that hand tools be maintained in safe condition, because a vise is not a hand tool). If the original application does not cite a specific rule, the description must indicate which rule was violated. A description of the accident that does not provide the employer or the Industrial Commission with adequate notice of the specific safety rule allegedly violated does not preserve the employee's claim.

In this case, the original application cited safety violations that pertain to the use of safety belts, lifelines, and safety nets. The narrative description indicated that the claimant fell through the roof while he was working on a building that was to be torn down. This statement alone is not sufficient to allege that the employer did not properly brace or shore the walls. Nor was this particular violation obviously related to the cited rules or contained in a rule immediately proximate to them. Under these circumstances, the amended application alleges a violation not raised in the original application, and the amended claim for the violation of Ohio Adm.Code 4121:1–3–19(C)(2) is barred by the two-year statute of limitations.

## II

Appellant also argues that appellee's prior intentional tort suit against appellant precludes his VSSR application. This argument is without merit.

The doctrine of *res judicata* includes two separate concepts: estoppel by judgment and collateral estoppel. *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062. Estoppel by judgment prevents a party from relitigating a cause of action after a final judgment has been rendered on the merits as to that party. *Id.* "A final judgment or decree rendered upon the merits, * * * by a court of competent jurisdiction, is conclusive of rights,

questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action upon the *same cause of action* between the parties or those in privity with them. * * * " (Emphasis added.) *Whitehead v. Gen. Tel. Co. of Ohio* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, paragraph one of the syllabus. An employee's intentional tort suit against an employer and an application alleging violation of a specific safety requirement are not based upon the same cause of action. An employer is subject to civil suit by an employee only for its intentional torts. In contrast, an employee can file a VSSR application only with the commission, and the employer's motivation or level of fault is irrelevant. For these reasons, a judgment directing a verdict against the employee in the intentional tort action does not preclude the employee from seeking an additional award before the Industrial Commission based on the employer's alleged violation of a specific safety requirement.

Collateral estoppel "precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action." (Emphasis omitted.) *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d at 112, 49 O.O.2d at 437–438, 254 N.E.2d at 13; *Krahn v. Kinney*, 43 Ohio St.3d at 107, 538 N.E.2d at 1062. A plaintiff does not need to prove that an employer violated a safety requirement to prove, in an intentional tort suit, that the employer had knowledge that a dangerous condition existed and that the condition was substantially certain to result in harm to an employee. Additionally, it does not appear from the record that the court actually litigated the issue of whether the employer violated these safety violations. When ruling on appellant's motion for a directed verdict in the intentional tort action, the court of common pleas made the following statement:

"The safety regulations which have been cited to the Court, the Court does, in fact, take judicial notice of their existence as requsted [*sic*] by Plaintiff. The Court has reviewed those, however, and, given the factual presentation in this case, finds that none are applicable directly to the circumstances which produced the injury in this case. Circumstances which produced the injury are those with which the Court must determine if the definition of substantial certainty exists."

This quote is the only indication that this issue was ever considered by the common pleas court. Although the language is not entirely clear, a reasonable interpretation of this passage, and the last sentence in particular, is that the court determined that any violation of the cited specific safety requirements was irrelevant to whether the plaintiff had proved the level of intent required by *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100,

522 N.E.2d 489. Under these circumstances, we conclude that the parties did not actually litigate, and the court did not actually determine, whether the employer had violated these specific safety requirements.

For the reasons discussed in Part I of this opinion, the judgment of the court of appeals is reversed and the complaint in mandamus is dismissed.

*Judgment reversed*
*and complaint dismissed.*

MOYER, C.J., HOLMES and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.