**MITCHELL, Appellee,**

v.

**BACKER, Appellant.**

[Cite as *Mitchell v. Backer* (1999), 135 Ohio App.3d 775.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990165.

Decided Nov. 12, 1999.

*Griffin & Fletcher, Michael C. Fletcher* and *Karen L. Mastruserio,* for appellee.

*Robert Backer, pro se.*

Painter, Judge.

In 1991, in a suit filed by Robert Backer against Robert Mitchell, a trial court (on a counterclaim) held that Backer, as a seller, had entered into a land-installment contract with Mitchell, as the buyer. This court affirmed the judgment that such a contract had been created.[1]

In 1994, Backer filed another suit against Mitchell, arguing that Mitchell was in default of the land-installment contract. The trial court held that Mitchell was not in default, and this court affirmed that judgment on appeal.[2]

In 1998, Mitchell filed suit against Backer. Mitchell claimed that Backer had wrongfully refused to deliver a deed of conveyance under the land-installment contract. The trial court held that the land-installment contract had come into existence in February 1990, when Mitchell had made his first installment payment. Based on that date, the parties stipulated that Mitchell owed a balance of $2,270.32 to Backer, which Mitchell tendered to Backer in open court. According to the court's judgment, once Backer accepted the payment, Backer was to deliver the deed to Mitchell. If Backer did not deliver the deed, the court ordered that its judgment entry could be filed with the Hamilton County Recorder, and the entry itself would operate as a conveyance of the land.

---

1. *Backer v. Mitchell* (Nov. 27, 1992), Hamilton App. No. C–910936, unreported.

2. *Backer v. Mitchell* (Feb. 16, 1996), Hamilton App. No. C–950484, unreported.

■ It is this most recent judgment that Backer now appeals. In the appeal, which Backer has filed *pro se*, he asserts two assignments of error. We address the assignments together because both appear to raise the same issue: the validity of the land-installment contract itself. Because a trial court, in the 1991 suit, has already determined that such a contract existed and this court has affirmed that judgment, we hold that Backer's challenge has no merit. The doctrine of collateral estoppel bars him from relitigating an issue that was already litigated and determined in a prior action.[3]

Therefore, the judgment of the trial court is affirmed.

■ Further, we hold that this appeal is frivolous under App.R. 23. Considering that this court has twice recognized the validity of the land-installment contract in prior appeals, we can only conclude that Backer is refusing to understand or to accept the determination that the contract was valid, and that he is merely rehashing arguments that we have rejected in earlier cases. This is now the third appearance of this case in this court—all on the same issue. While Backer may not like our holdings, he may not continue appeals that present no reasonable question to review.[4]

■ Accordingly, under App.R. 23, we award sanctions to Mitchell. Mitchell's attorney has submitted an affidavit requesting, as sanctions, attorney fees of $1,875 (fifteen hours of work on the appeal, at $125 per hour) and $396 in costs (for a transcript in the record). We hold that the requested attorney fees are reasonable and award the $1,875. But the transcript was prepared and paid for in 1992, several years before this case arose, and we conclude that it would not be appropriate to award the costs for the transcript in this appeal. Thus, we award, as sanctions, the $1,875 in attorney fees, but not the $396 in costs for the transcript. Any other costs shall be taxed under App.R. 24.

*Judgment affirmed*
*and sanctions granted.*

HILDEBRANDT, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

---

3. See *State ex rel. Kirby v. S.G. Loewendick & Sons, Inc.* (1992), 64 Ohio St.3d 433, 438, 596 N.E.2d 460, 463 (elements of collateral estoppel).

4. See *Tessler v. Ayer* (1995), 108 Ohio App.3d 47, 57–58, 669 N.E.2d 891, 898–899; *In re Estate of Hollingsworth* (1989), 58 Ohio App.3d 14, 15–16, 567 N.E.2d 1322, 1323.