THE STATE, EX REL. JEEP CORPORATION, APPELLANT AND
CROSS-APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE
AND CROSS-APPELLEE, GILES, APPELLEE AND CROSS-APPELLANT.

[Cite as State, ex rel. Jeep Corp., *v.* Indus. Comm. (1989), 42 Ohio St. 3d 83.]

(No. 88-301—Submitted February 8, 1989—Decided April 26, 1989.)

*Bugbee & Conkle, Gregory B. Denny* and *Robert P. King,* for appellant and cross-appellee Jeep Corp.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jenice R. Golson,* for appellee and cross-appellee Industrial Commission.

*Gallon, Kalniz & Iorio Co., L.P.A.,* and *William R. Menacher,* for appellee and cross-appellant Giles.

*Per Curiam.* Both parties have appealed to this court. While Jeep

challenges the imposition of the award, claimant contests the amount. Upon review, we determine that the commission did not abuse its discretion either in finding a VSSR or in granting a fifteen-percent award.

Jeep's initial propositions involve the specific safety requirement itself, contending that it is neither applicable nor specific. As to the former, Jeep contends that IC-5-08.03(I)(2) is inapplicable since the claimant was not operating the press at the time of injury. This argument is without merit. IC-5-08.03(I)(2) merely states that "[f]oot treadles used to activate power presses shall be guarded." It contains no language limiting this protection to the press operator.

Jeep also alleges that the safety requirement is "neither specific nor of a character to plainly apprise an employer of its legal obligations towards its employees." It states that under IC-5-01.02(J), an object is "guarded" when it is "covered, fenced, railed, enclosed or otherwise shielded from accidental contact." It contends that under this definition an object is "guarded" only when protected from *all* possible accidental contact. In order to do so, Jeep contends that the treadle would have to be totally enclosed, rendering it useless.

This argument fails. First, a requirement does not lose its specificity because it is not foolproof. IC-5-01.01 describes the purpose of specific safety requirements as providing *reasonable,* not absolute, safety for employees. Decisions of this court have acknowledged the practical impossibility of guaranteeing that a device will protect against all contingencies or will never fail. See *State, ex rel. Harris,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 152, 12 OBR 223, 465 N.E. 2d 1286; *State, ex rel. M.T.D. Products, Inc.,* v. *Stebbins* (1975), 43 Ohio St. 2d 114, 72 O.O. 2d

63, 330 N.E. 2d 904. As noted in *Harris,* "the commission has the discretion to interpret its own rules; * * * where the application of those rules to a unique factual situation gives rise to a patently illogical result, common sense should prevail." *Id.* at 153, 12 OBR at 224, 465 N.E. 2d at 1288. In this case, common sense dictates that the safety requirement does not contemplate total treadle enclosure — and thus inoperability — in order to be "specific."

We also find that the requirement adequately apprises the employer of its duty towards employees, *i.e.,* to shield the treadle from accidental contact. We note that previous decisions of this court have indicated that terms such as "substantially guarded" and "unguarded" are specific. See *State, ex rel. Howard Eng. & Mfg. Co.,* v. *Indus. Comm.* (1947), 148 Ohio St. 165, 35 O.O. 183, 74 N.E. 2d 201; *State, ex rel. Trydle,* v. *Indus. Comm.* (1972), 32 Ohio St. 2d 257, 61 O.O. 2d 488, 291 N.E. 2d 748.

Moreover, the commission's failure to enumerate acceptable methods of compliance within the requirement itself is not fatal. As stated in *State, ex rel. Fast & Co.,* v. *Indus. Comm.* (1964), 176 Ohio St. 199, 27 O.O. 2d 86, 198 N.E. 2d 666, a safety provision need only set forth a specific requirement and a specific result to be accomplished thereby. In *Fast,* we upheld the specificity of a safety requirement that required "[w]henever practicable, the platform of swinging scaffolds shall be so lashed or secured while in use that they cannot sway from the structure." *Id.* at 200, 27 O.O. 2d at 86, 198 N.E. 2d at 666. We reasoned:

"The fact that no definite standards are set as to the means by which the result is to be obtained except that it shall be lashed or secured does not render the rule any less specific. Due

to the varying situations encountered in this type of work it would not be feasible to delineate specific methods." *Id.* at 202, 27 O.O. 2d at 87, 198 N.E. 2d at 668.

Having concluded that IC-5-08.03 (I)(2) is both applicable and specific, we turn to Jeep's attack on the commission's findings of fact. Specifically, Jeep maintains that there is no evidence supporting the commission's conclusions that the treadle was not guarded and that the lack of a front cover caused claimant's injury. We disagree.

To prevail in a VSSR claim, a claimant must establish that the employer failed to comply with a specific safety requirement and that such failure resulted in injury. Section 35, Article II, Ohio Constitution; *State, ex rel. Whitman,* v. *Indus. Comm.* (1936), 131 Ohio St. 375, 6 O.O. 88, 3 N.E. 2d 52. These issues are questions of fact within the final jurisdiction of the commission, *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41; *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 58 O.O. 2d 70, 278 N.E. 2d 24; *State, ex rel. Berry,* v. *Indus. Comm.* (1983), 4 Ohio St. 3d 193, 4 OBR 513, 448 N.E. 2d 134, which is solely responsible for evaluating the weight and credibility of the evidence before it, *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1984), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721. Where the record contains "some evidence" to support the commission's findings there has been no abuse of discretion and mandamus will not lie. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936.

In the case before us, the commission based its conclusions on the affidavit of Michael L. Cluckey, Jeep's press shop foreman. This affidavit constitutes "some evidence" supporting the commission's findings. The presence of conflicting evidence is immaterial given the commission's role as the ultimate finder of fact. As previously stated in *Mitchell, supra,* this court will not reweigh evidence.

Upon determining that a specific safety requirement has been, violated, the commission must next award to the claimant an amount between fifteen and fifty percent, inclusive, of the "maximum award established by law." Section 35, Article II, Ohio Constitution; *State, ex rel. Engle,* v. *Indus. Comm.* (1944), 142 Ohio St. 425, 27 O.O. 370, 52 N.E. 2d 743. The present claimant, in challenging the amount of the award, alleges that the commission did not explain how it determined the amount of the award, nor did it identify the evidence relied on in making the determination. More specifically, claimant contends that the commission did not indicate what factors it considered in concluding that his severed arm only warranted the minimum award. He contends that it is impossible to tell whether such seemingly relevant factors as, for example, injury severity, egregiousness of violation, or a machine's inherent dangerousness, were considered by the hearing officer. Interpretation of matters pertaining to specific safety requirements is within the commission's sound discretion. *Allied Wheel Products, supra.* There is a presumption that in areas over which the commission has jurisdiction, its orders are "in all respects valid and in the exercise of good faith and sound judgment." *State, ex rel. Gerspacher,* v. *Coffinberry* (1952), 157 Ohio St. 32, 47 O.O. 31, 104 N.E. 2d 1, paragraph two of the syllabus. We find no evidence that the commission did not consider all relevant factors.

Moreover, *Mitchell, supra,* upon

which claimant heavily relies, requires commission orders to "specifically state which evidence and only that evidence which has been relied upon to reach * * * [the commission's] conclusion, and a brief explanation stating why the claimant *is or is not entitled to the benefits requested.*" (Emphasis added.) *Id.* at 483-484, 6 OBR at 534, 453 N.E. 2d at 724. It does not require the commission to explain how the amount of the award was decided. In the case at bar, the commission did set forth the reasons for granting claimant's VSSR application and the evidence relied on. *Mitchell* requires no more.

For the reasons set forth above, the judgment of the appellate court is hereby affirmed.

*Judgment affirmed.*

MOYER, SWEENEY, HOLMES and WRIGHT, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in part and dissent in part.

H. BROWN, J., not participating.

ALICE ROBIE RESNICK, J., concurring in part and dissenting in part. I concur in the majority's holding as to Jeep Corporation. However, I dissent as to the affirmance of the commission's award of fifteen percent for the claimant in that the commission did not state any basis for such a finding. I recognize that the commission has broad discretion in making such a determination but such discretion is not unlimited. The claimant in this case lost an arm in the work-related accident. I would require the commission to set forth reasons for its decision in finding the minimum award. Without such an explanation independent review by this court is impossible, thus resulting in a mere rubber-stamping of the commission's finding.

I, therefore, would affirm the judgment of the court of appeals as to Jeep Corporation, but reverse as to the claimant and remand the case to the commission for the purpose of setting forth the reasons for the fifteen-percent award.

DOUGLAS, J., concurs in the foregoing opinion.