THE STATE, EX REL. SMITH, APPELLANT, *v.* HUGUELET ET AL., APPELLEES.

[Cite as State, ex rel. Smith, *v.* Huguelet (1991), 57 Ohio St. 3d 1.]

(No. 89-989—Submitted July 31, 1990—Decided January 2, 1991.)

1

Craig T. Lelli, for appellant.

Anthony J. Celebrezze, Jr., attorney general, Michael L. Squillace and Scott A. Armour, for appellees members of Industrial Commission et al.

Barkan & Barkan Co., L.P.A., and William G. Carpenter, for appellee Madias Valan, Inc.

*Per Curiam.* The single issue presented is whether the commission must specifically address each violation alleged in the VSSR application. Appellees essentially contend that once one violation proximately causing a claimant's injuries is found, any remaining violations can be disregarded. We disagree.

Appellee Valan mistakenly believes that there can be only one safety violation for each award. This position, however, ignores our previous decisions, such as *State, ex rel. Thompson Bldg. Assoc., Inc.,* v. *Indus. Comm.* (1988), 36 Ohio St. 3d 199, 522 N.E. 2d 545, in which we upheld commission decisions that found multiple VSSRs involved in a single award.

We recognize that multiple *violations* do not generate multiple *awards.* Contrary to appellees' representation, however, appellant does not seek a second *award.* He merely asks the commission to determine whether there was a second *safety violation.* As *Thompson Bldg. Assoc., supra,* indicates, a claimant is only entitled to a single VSSR award regardless of the number of violations found. The amount of that award, however, may be influenced by the number of violations. See *id.*

The commission argues that its order complies with *State, ex rel. Jeep Corp.,* v. *Indus. Comm.* (1989), 42 Ohio St. 3d 83, 537 N.E. 2d 215. We again find otherwise.

*Jeep Corp.* held that under *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721, the commission need not explain how it calculated the amount of the VSSR award. Appellant, however, does not seek this explanation. He is, again, merely asking the commission to determine whether Ohio Adm. Code 4121:1-3-10(C)(7) was violated. The commission must make that decision before it can potentially reach the question of VSSR award adjustment.

Accordingly, we reverse the judgment of the appellate court and issue a limited writ returning the cause to the commission to determine whether Ohio Adm. Code 4121:1-3-10(C)(7) was violated and, if so, whether appellant's VSSR award warrants adjustment.

*Judgment reversed and
limited writ issued.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs separately.

HOLMES, J., concurring. Although I concur in today's judgment which reverses the court of appeals, I must write separately because the majority opinion fails to clearly set forth the proper standard for awarding additional compensation based upon specific safety violations.

Ohio Adm. Code 4121:3-20 sets forth the procedural requirements concerning applications for awards for specific safety violations, as follows:

"(A) An application for an additional award of compensation founded upon the claim that the injury * * * *resulted from* the failure of the employer to comply with * * * [a] specific [safety] requirement * * * must be filed * * * with the industrial commission, within two years of the injury * * *. Such applications should set forth the facts which are the basis of the alleged violation and shall cite the section or sections of the law or code of specific safety requirements which it is claimed have been violated. * * *" (Emphasis added.)

Expressly stated in this provision is the requirement of a causal connection between the employer's failure to comply with the specific safety violation and the employee's injury. The majority opinion in the case *sub judice* overlooks this causal requirement by concluding merely that multiple violations of specific safety requirements may be involved in a single award.

Because I believe the law requires not only evidence of the violation's existence, but also a causal connection between the violation and the injuries sustained, I must separately concur.