[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 521.]

[THE STATE EX REL.] ST. MARYS FOUNDRY COMPANY, APPELLANT, v.

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. St. Marys Foundry Co. v. Indus. Comm*., 1997-Ohio-25.]

*Workers' compensation—VSSR assessments are sufficiently explained when the Industrial Commission grants an express award amount within the range specified in Section 35, Article II of the Ohio Constitution.*

(No. 95-397--Submitted March 18, 1997--Decided June 4, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD11-1515.

_____

{¶ 1} Donald Cotterman was killed in an industrial accident while working for appellant, St. Marys Foundry Company, during 1980. Appellee Industrial Commission of Ohio recognized the death claim of appellee Marie Cotterman, Donald's widow, but denied her the additional compensation paid when a worker's death results from an employer's violation of a specific safety requirement ("VSSR"). *State ex rel. Cotterman v. St. Marys Foundry* (1989), 46 Ohio St.3d 42, 544 N.E.2d 887, found that appellant had committed a VSSR and that the commission had abused its discretion in denying Marie's VSSR application. *Cotterman* thus granted a writ of mandamus that effectively ordered the commission to determine the amount of the VSSR award.

{¶ 2} Pursuant to this order and the authority conferred by Section 35, Article II, Ohio Constitution, the commission subsequently set Marie's VSSR compensation at "30 per cent of the maximum weekly rate." The commission's order did not explain the reasons for imposing this percentage.

{¶ 3} Upon the commission's denial of its request for rehearing, appellant petitioned for a writ of mandamus in the Franklin County Court of Appeals, arguing that the commission had abused its discretion in assessing Marie's VSSR award at

thirty percent and without stating the reasons for its decision. Appellant asked that the commission be compelled to vacate the award and to adequately explain the assessed amount in a second order. A referee recommended denial of the writ on the basis of *State ex rel. Jeep Corp. v. Indus. Comm.* (1989), 42 Ohio St.3d 83, 537 N.E.2d 215, in which a writ of mandamus requested for the same purpose had been refused. Observing that it was bound to follow *Jeep*, the court of appeals overruled appellant's objections, adopted the referee's report and denied the writ.

{¶ 4} The cause is now before this court upon an appeal as of right.

_____

*Dunlevey, Mahan & Furry, William H. Barney III, Gary W. Auman* and *William P. Allen*, for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Industrial Commission.

*Arter & Hadden, Michael L. Maxfield* and *Douglas M. Bricker*, for appellee Marie Cotterman.

_____

*Per Curiam*.

{¶ 5} Appellant insists that the commission has a duty to specify in its orders its reasons for assessing VSSR awards at one percentage rate or another. The court of appeals disagreed, citing as dispositive this passage from *State ex rel. Jeep Corp. v. Indus. Comm.* (1989), 42 Ohio St.3d 83, 85-86, 537 N.E.2d 215, 218:

"Upon determining that a specific safety requirement has been violated, the commission must next award to the claimant an amount between fifteen and fifty percent, inclusive, of the 'maximum award established by law.' Section 35, Article II, Ohio Constitution; *State, ex rel. Engle, v. Indus. Comm.* (1944), 142 Ohio St. 425, 27 O.O. 370, 52 N.E.2d 743. The present claimant, in challenging the amount of the award, alleges that the commission did not explain how it determined the amount of the award, nor did it identify the evidence relied on in making the

determination. More specifically, claimant contends that the commission did not indicate what factors it considered in concluding that his severed arm only warranted the minimum award. He contends that it is impossible to tell whether such seemingly relevant factors as, for example, injury severity, egregiousness of violation, or a machine's inherent dangerousness, were considered by the hearing officer. Interpretation of matters pertaining to specific safety requirements is within the commission's sound discretion. [*State ex rel. Allied Wheel Products, Inc. v. Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O.2d 190, 139 N.E.2d 41.] There is a presumption that in areas over which the commission has jurisdiction, its orders are 'in all respects valid and in the exercise of good faith and sound judgment.' *State, ex rel. Gerspacher v. Coffinberry* (1952), 157 Ohio St. 32, 47 O.O. 31, 104 N.E.2d 1, paragraph two of the syllabus. We find no evidence that the commission did not consider all relevant factors.

"Moreover, [*State ex rel. Mitchell v. Robbins & Myers, Inc*. (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721], upon which claimant heavily relies, requires commission orders to 'specifically state which evidence and only that evidence which has been relied upon to reach * * * [the commission's] conclusion, and a brief explanation stating why the claimant *is or is not entitled to the benefits requested*.' (Emphasis added.) *Id.* at 483-484, 6 OBR at 534, 453 N.E.2d at 724. It does not require the commission to explain how the amount of the award was decided. In the case at bar, the commission did set forth the reasons for granting claimant's VSSR application and the evidence relied on. *Mitchell* requires no more." Accord *State ex rel. Smith v. Huguelet* (1991), 57 Ohio St.3d 1, 2, 564 N.E.2d 698, 699.

{¶ 6} Appellant attempts to resuscitate in this appeal the argument that judicial review is impossible where the commission does not explain how it determined the amount of a VSSR award. Appellant contends that the commission must consider and explain the impact of certain factors, particularly the severity of

the injury, the egregiousness of the violation, and the inherent dangerousness of involved machinery, just as the commission must consider and explain certain nonmedical factors in permanent total disability claims under *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946. However, contrary to appellant's representation, we did not accept this argument in *State ex rel. Smith v. Huguelet, supra*. Nor did we require consideration or explanation of these factors in *Jeep*. In fact, in both of these cases, we explicitly held that the commission need not explain how it calculated the amount of the VSSR award. *Jeep*, 42 Ohio St.3d at 85-86, 537 N.E.2d at 218; *Huguelet*, 57 Ohio St.3d at 2, 564 N.E.2d at 699.

**{¶ 7}** Moreover, appellant's reliance on R.C. 4121.47(B) is misplaced. Appellant contends that R.C. 4121.47(B) requires consideration of "the size of the employer as measured by the number of employees, assets, and earnings of the employer." But this statute requires consideration of these factors only when the commission is assessing a civil penalty for a second VSSR within twenty-four months.

**{¶ 8}** Appellant also complains that *Jeep* is inconsistent with the commission's duty as discussed in *State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm.* (1994), 71 Ohio St.3d 139, 142, 642 N.E.2d 378, 380:

"Contrary to the commission's representation, neither *Mitchell* nor [*State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245] confines the need for adequate evidentiary explanation and identification to questions of pure award or denial of compensation. *All* matters affecting the rights and obligations of the claimant or employer merit an explanation sufficient to inform the parties and potentially a reviewing court of the basis for the commission's decision." (Emphasis *sic*.)

**{¶ 9}** Appellant's complaint is valid to some extent. *Jeep* interpreted *Mitchell* as requiring "no more" than an explanation concerning benefits and, thus,

did not require that the commission justify the amount of any award, particularly a VSSR award. *Jeep*, 42 Ohio St.3d at 86, 537 N.E.2d at 218. But *Yellow Freight* used *Mitchell* to expand the adequate-explanation requirement, holding that the commission must state its reasons for a decision apportioning the cost of a claimant's compensation award between two or more employers. Even so, this inconsistency does not compel us now to extend the *Mitchell* adequate-explanation requirement further still.

{¶ 10} *Jeep* relied on *Allied Wheel Products* to emphasize the commission's broad discretion in determining VSSR awards. *Jeep*, 42 Ohio St.3d at 85, 537 N.E.2d at 218. In *Allied Wheel Products*, we said that we would not disturb the amount of a VSSR award as long it was within the fifteen-to-fifty-percent range set forth in Section 35, Article II of the Ohio Constitution. 166 Ohio St. at 50, 1 O.O.2d at 192, 139 N.E.2d at 44. Our statement suggests that the commission's discretion in assessing VSSR amounts is limited only by this constitutional standard and that the commission commits an abuse of discretion, correctable in mandamus, only by assessing an award outside this range.

{¶ 11} Appellant has failed to persuade us that the commission's discretion in apportioning compensation costs is as comprehensive as it is in determining the amount of VSSR awards. We decline to overrule *Jeep* as contrary to *Yellow Freight*, and hold that VSSR assessments are sufficiently explained when the commission grants an express award amount within the range specified in Section 35, Article II of the Ohio Constitution.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____