THE STATE EX REL. MOORE, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Moore v. Indus. Comm.* (1997), 79 Ohio St.3d 347.]

(No. 95–501—Submitted May 20, 1997—Decided August 6, 1997.)

348

350

*Siferd & Reed, L.P.A., Richard E. Siferd* and *Victoria U. Maisch,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellee Industrial Commission of Ohio.

*Vorys, Sater, Seymour & Pease* and *Robert E. Tait,* for appellee Midwest Elastomers, Inc.

---

*Per Curiam.* Ohio Adm.Code 4121:1–5–22(A) reads:

"Confined spaces

"(A) No employee shall be required to enter into any confined space unless a confined space entry procedure, incorporating one of the following, is used (see appendix to this rule for recommended entry procedures):

"(1) Air sampling shall be performed by qualified, trained personnel prior to and periodically during occupancy to determine that the atmosphere within the confined space contains an adequate quantity of oxygen (nineteen per cent), and any known or expected harmful atmospheric contaminants have been diluted to safe concentrations.

"(2) A supplied-air respirator or self-contained breathing apparatus is provided and used."

Neither of these procedures was followed. At issue is whether they needed to be. The commission and court of appeals answered this question in the negative. Both found that the hopper bin was not a "confined space," rendering Ohio Adm.Code 4121:1–5–22(A) inapplicable. We agree.

The interpretation of a specific safety requirement rests with the commission. *State ex rel. Jeep Corp. v. Indus. Comm.* (1989), 42 Ohio St.3d 83, 537 N.E.2d 215. Because it is a penalty against the employer, "it must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer." *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219. Ohio Adm.Code 4121:1–5–01(B)(28) defines a "confined space" as "an enclosure not intended for continuous employee occupancy, having limited means of ingress and egress and poor natural ventilation and which may contain hazardous contaminants or be oxygen deficient."

In this case, there is "some evidence"—indeed all the evidence establishes— that the hopper was completely open on the top. This large opening, in the commission's view, provided sufficient natural ventilation to remove the machine from the ambit of Ohio Adm.Code 4121:1–5–01(B)(28). This finding was within the commission's discretion and is, alone, sufficient to render Ohio Adm.Code 4121:1–5–22(A) inapplicable.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.