THE STATE EX REL. WORLD STAMPING AND MANUFACTURING COMPANY *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. World Stamping & Mfg. Co. v. Indus. Comm.* (1999), 84 Ohio St.3d 433.]

(No. 96–1991—Submitted January 13, 1999—Decided February 10, 1999.)

*Kolick & Kondzer, Daniel J. Kolick* and *John P. Desimone,* for relator.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for respondent Industrial Commission.

*Ben Pandurevic,* for respondent Jon Suech.

---

**Per Curiam.** A single specific safety requirement is at issue – Ohio Adm.Code 4121:1–5–10(C)(3)(a). The commission found a violation of this safety requirement, and we, in turn, find no abuse of the commission's discretion.

Claimant's testimony, various photographs, and finally the affidavit of Dr. Richard E. Harkness, a registered professional engineer who inspected the accident site and the claimant's press, indicate that the foot pedal had no front cover. There is thus "some evidence" supporting the commission's determination that the front of the foot pedal was not protected. The presence of contrary evidence is immaterial given the commission's role as the ultimate finder of fact. As stated in *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1984), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, we will not reweigh evidence.

Having so found, we also find pursuant to *State ex rel. Jeep Corp. v. Indus. Comm.* (1989), 42 Ohio St.3d 83, 537 N.E.2d 215, that the commission did not

abuse its discretion in finding that the lack of a front foot pedal cover constituted a VSSR.

Accordingly, the writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.