DECISION
Relator, Mark A. Smith, filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to increase his award for his employer's violation of a specific safety requirement ("VSSR").
Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that we deny the requested relief.
Relator objects to the report and recommendation of the magistrate asserting that the commission abused its discretion in considering the experience of the injured worker as a basis for limiting the VSSR award to the minimum amount of fifteen percent.
On March 31, 1996, relator was working as a cabinet maker when his left hand was caught in a circular table saw. The table saw did not have a guard as was required by a specific safety requirement; hence, the commission found a violation. In determining the amount of award to be made, the commission stated as follows:
 * * * A higher percentage than is granted in this order was discussed at hearing. However, it is noted that the claimant at the time of the injury was both a cabinet maker and foreman. The clamant states in his original application that he had 6 years experience. Because of his experience and position, the claimant should have been aware that the machine he was using was not properly guarded. Ultimately, it is the employer's responsibility to comply with the safety requirements[,] however, the Industrial Commission has complete discretion in determining the percentage award from 15 to 50 percent.
 It is therefore ordered that an additional award of compensation be granted to the claimant in the amount of 15 percent of the maximum weekly rate * * *.
Workers' compensation is a matter of constitutional origin; Section35, Article II, Ohio Constitution. Its purpose is to provide compensation for death or injuries occasioned in the course of employment. It also authorizes enactment of specific safety requirements for the protection of the lives, health or safety of employees. Section35, Article II, Ohio Constitution provides, as pertinent, that when an injury, disease or death resulted because of the failure of the employer to comply with a specific safety requirement "such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation" that may otherwise be accorded.
In State ex rel. Jeep Corp. v. Indus. Comm. (1989), 42 Ohio St.3d 83, the Ohio Supreme Court stated that once the commission has decided a violation application, and stated its reasons for such decision, it is not required to explain how the amount of the award was decided.
In State ex rel. St. Marys Foundry Co. v. Indus. Comm. (1997),78 Ohio St.3d 521, the Ohio Supreme Court considered a commission order that did not explain the reason for the percentage of the award that it made which percentage was within the constitutional limitations. The court pointed to the case of State ex rel. Allied Wheel Products, Inc. v. Indus. Comm. (1956), 166 Ohio St. 47, to emphasize the commission's broad discretion in determining VSSR awards. The St. Marys court summed up its opinion as follows:
 * * * Our statement suggests that the commission's discretion in assessing VSSR amounts is limited only by this constitutional standard and that the commission commits an abuse of discretion, correctable in mandamus, only by assessing an award outside this range. [Id. at 524.]
In this case the commission did give a specific reason for limiting the award to the minimum constitutional amount of fifteen percent. The commission's decision reflected that after considering all the factors and discussing a higher percentage, it concluded that the minimum percentage should be awarded because the employee, because of his training, experience and position, should have known better.
If an explanation is provided that a court considers invalid, may a court remand the case to the commission to reconsider the award without considering the invalid factor?
Clearly, if the commission states a reason that is violative of other Ohio or United States Constitutional provisions, mandamus may be granted. For example, if the commission stated that a minimum award was made because of the employee's race, that reason would be constitutionally invalid and require the court to issue a writ of mandamus setting aside the award and ordering the commission to reconsider it using proper criteria.
The question is whether the motivating reason for awarding the minimum percentage in this case is, per se, invalid requiring a writ of mandamus to be issued.
In St. Marys, and other cases, relevant factors that are discussed as having bearing upon the penalty to be imposed on the employer for violations of a specific safety requirement include severity of the injury, egregiousness of the violation, and the machine's inherent dangerousness. It would seem that training and experience of the injured employee would be sufficiently related to factors such as egregiousness of the violation or a machine's inherent dangerousness to allow the commission to consider it in determining the penalty while clearly comparative or contributatory negligence of an employee cannot be used as a basis to deny compensation for a job related injury, it is within the broad discretion of the commission to consider the training and experience of the injured employee in determining the severity of the penalty to be imposed upon the employer. The Ohio Supreme Court has accorded complete discretion to the commission to impose a percentage within the constitutional limitations when it involves nonconstitutional circumstances relating to the cause and nature of the injury.
The objection of relator is overruled. The commission acted within its broad discretion in setting the penalty assessment at fifteen percent. For the reasons expressed in this decision and in the decision of the magistrate, we adopt the magistrate's recommendation as our own, including the findings of fact and conclusions of law contained therein. Therefore, relator's request for a writ of mandamus is denied.
Objections overruled; writ of mandamus denied.
DESHLER, J., concurs.
TYACK, P.J., dissents.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.