THE STATE EX REL. SMITH, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Smith v. Indus. Comm.,*
99 Ohio St.3d 90, 2003-Ohio-2452.]

(No. 2002–0852—Submitted April 15, 2003—Decided May 16, 2003.)

---

**Per Curiam.**

{¶ 1} Appellant-claimant, Mark A. Smith, alleged that his employer violated a specific safety requirement ("VSSR") pertaining to the guarding of saw blades. He successfully applied for a VSSR award and appellee Industrial Commission of Ohio set the amount at 15 percent:

{¶ 2} "A higher percentage than is granted in this order was discussed at hearing. However, it is noted that the claimant at the time of the injury was both a cabinet maker and foreman. The claimant states in his original application that he had 6 years experience. Because of his experience and position, the claimant should have been aware of that the machine he was using was not properly guarded. Ultimately, it is the employer's responsibility to comply with the safety requirements. [H]owever, the Industrial Commission has complete discretion in determining the percentage award from 15 to 50 percent."

{¶ 3} That order was administratively affirmed.

{¶ 4} Seeking a higher amount, claimant turned to the Court of Appeals for Franklin County. The majority found that the commission did not abuse its discretion in setting the award's amount. The dissenting judge, however, felt that claimant was being penalized for his experience and apparently felt that the award should be higher.

{¶ 5} Claimant now appeals to this court as of right.

{¶ 6} Upon determining that a specific safety requirement has been violated, the commission must next award to the claimant an amount between 15 and 50 percent, inclusive, of the maximum award established by law. Section 35, Article II, Ohio Constitution; *State ex rel. Engle v. Indus. Comm.* (1944), 142 Ohio St. 425, 27 O.O. 370, 52 N.E.2d 743, paragraph two of the syllabus. "[T]he commission's discretion in assessing VSSR amounts is limited only by this constitutional standard and * * * the commission commits an abuse of discretion, correctable in mandamus, *only* by assessing an award outside this range." (Emphasis added.) *State ex rel. St. Marys Foundry Co. v. Indus. Comm.* (1997), 78 Ohio St.3d 521, 524, 678 N.E.2d 1390.

{¶ 7} In attempting to persuade us that his award is too low, claimant has a formidable task, given the commission's imposition of an award within the permissible range. Claimant alleges that he was penalized with the minimum award because he is an experienced woodworker. The corollary to claimant's proposition is that had he been inexperienced he would have received more. This claim is, of course, without support, and validates the wisdom of allowing the commission to be the exclusive evaluator of evidentiary weight and credibility. *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 483, 6 OBR 531, 453 N.E.2d 721. Without a transcript, we do not know what occurred at the hearing. The dissent below, for example, posits that claimant's low award was due in part to the reluctance of a good employee to be more confrontational with his employer. This is inappropriate speculation. We do not know whether claimant was a good or bad employee, and for workers' compensation purposes, it frankly does not matter.

{¶ 8} In this case, the commission—in the exercise of its judgment and expertise—assessed an award within constitutional and judicial parameters. Under *St. Marys Foundry,* no more is required.

{¶ 9} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

Stewart Jaffy & Associates Co., L.P.A., and Rachel B. Jaffy, for appellant.

Jim Petro, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee.