[Cite as *State v. Evilsizor*, 2019-Ohio-4094.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-14 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-49 |
| | : | |
| RAYMOND GEORGE EVILSIZOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of October, 2019.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, 1208 Bramble Avenue, Washington Courthouse, Ohio 43160
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** Raymond George Evilsizor pled guilty in the Champaign County Court of Common Pleas to domestic violence, a third-degree felony. In exchange for the plea, the State dismissed a second domestic violence charge and deleted an allegation that the victim was pregnant at the time of the offense. After a presentence investigation, the trial court imposed a maximum 36-month sentence and ordered Evilsizor to pay legal fees and expenses and court costs. For the following reasons, the trial court's judgment will be affirmed.

## I. *Anders* Appeal Standard

**{¶ 2}** Evilsizor's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found "no meritorious issue for appellate review." Counsel raised whether Evilsizor's guilty plea was made knowingly, intelligently, and voluntarily and whether the record supported a maximum sentence. We informed Evilsizor that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. To date, no pro se brief has been filed.

**{¶ 3}** Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Id.* at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."

*State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue — whether presented by appellate counsel, presented by the defendant, or found through an independent analysis — is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id.* at ¶ 7.

## II. Factual and Procedural History

{¶ 4} On February 4, 2019, Evilsizor was indicted on two counts of domestic violence, both third-degree felonies. Count I concerned an incident on January 27, 2019, and Count II concerned an incident on October 13-14, 2018. Both counts alleged that the victim, the same woman in both incidents, was pregnant and Evilsizor knew that she was pregnant, and that he twice previously had pled guilty or been convicted of domestic violence.

{¶ 5} Evilsizor was arrested on the morning of February 8, 2019, and an initial arraignment hearing was held the same day. The court ordered a $20,000 cash bond, determined that Evilsizor was indigent, and appointed counsel. The court rescheduled the arraignment with counsel for February 11, 2019. Evilsizor subsequently pled not guilty to the charges. Evilsizor was ordered to have no contact with the victim.

{¶ 6} The court held a scheduling conference on February 20, 2019, at which time Evilsizor demanded a jury trial and requested discovery, and the parties discussed various motions. At the State's request, the trial court modified the no-contact order to permit limited telephone contact between Evilsizor and the victim; the court denied Evilsizor's request for a personal recognizance bond.

{¶ 7} On March 1, 2019, the trial court filed an entry indicating that the parties had informed court personnel that a plea resolution had been reached. The court scheduled

a plea hearing for March 8, 2019. At the March 8 hearing, Evilsizor pled guilty to an amended Count I, which involved the removal of the pregnancy language.[1] The State also agreed to the dismissal of Count II and a presentence investigation.

{¶ 8} After the presentence investigation, the trial court imposed the maximum 36-month sentence. The court informed Evilsizor that he would be subject to a mandatory three years of post-release control and that it did not recommend intensive program prison (IPP) or a risk reduction sentence. The court found that Evilsizor was entitled to 55 days of jail time credit from February 8, 2019 to April 3, 3019. The court ordered Evilsizor to pay court costs and legal fees and expenses. The court ordered that funds be withheld from Evilsizor's inmate account to pay for his financial obligations.

{¶ 9} Evilsizor appeals from his conviction.

### III. *Anders* Review

**A. Pretrial Matters**

{¶ 10} As an initial matter, we find no non-frivolous issues related to the events prior to Evilsizor's guilty plea. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea generally waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d

---

[1] Pursuant to R.C. 2919.25(D), if the offender knew that the victim of domestic violence was pregnant at the time of the violation, the court must impose a mandatory prison term. The removal of the pregnancy allegation from Count I eliminated the requirement that the court impose the mandatory prison term.

127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3. Evilsizor had requested a personal recognizance bond, which was denied. However, we find nothing in the record to suggest that the denial of his request affected, in any respect, his decision to enter a plea.

**B. Evilsizor's Guilty Plea**

{¶ 11} Crim.R. 11(C)(2) requires a trial court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 12} The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. The trial court must comply strictly with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Id.* at ¶ 31. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need comply only substantially with those requirements. *E.g., State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d

766, ¶ 11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he [or she] is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

> * * * But "[w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* But if the trial court completely failed to comply with the rule, the plea must be vacated. *Id.* Complete failure " 'to comply with the rule does not implicate an analysis of prejudice.' " *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

*Bishop* at ¶ 19. *See also State v. McGlinch*, 2019-Ohio-1380, __ N.E.3d __, ¶ 28 (2d Dist.).

{¶ 13} We have reviewed the transcript of the plea hearing, held on March 8, 2019. The record reflects that the trial court fully complied with its obligations under Crim.R.11, and that Evilsizor knowingly, intelligently, and voluntarily entered his guilty plea to the amended charge of domestic violence, a third-degree felony. The trial court fully explained the nature of the charge and possible maximum penalty. Of particular relevance, the trial court explained to Evilsizor that the amendment to Count I removed the mandatory prison term, but the court could, after reviewing the sentencing factors, still

decide to impose a prison term. Evilsizor stated that he understood. The court also informed Evilsizor of the effect of a guilty plea and the constitutional rights he was waiving. When asked if he had any defense to the charge or a reason why he should be found not guilty, Evilsizor answered "No." Evilsizor admitted that he had committed the January 27, 2019 domestic violence and that he had two prior convictions for domestic violence.

{¶ 14} We find no non-frivolous issues related to Evilsizor's guilty plea.

## C. Sentencing Matters

{¶ 15} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 16} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 17} At the beginning of the sentencing hearing, the prosecutor asked the court to impose a prison term. The prosecutor noted that the victim indicated a desire for Evilsizor to receive community control and treatment for his alcohol addiction, but the prosecutor expressed his disagreement. He told the court that Evilsizor had engaged in multiple acts of violence, that he did not comply with the court's no-contact order (58 attempted phone calls with the victim and 15 jail visits). The prosecutor emphasized that Evilsizor initially was to have no contact with the victim, and then was granted two seven-minute phone calls every seven days. The prosecutor also pointed out that Evilsizor used four different inmate pin numbers to make phone calls to the victim, which the prosecutor argued demonstrated an attempt to avoid detection of the total number of calls. Finally, the prosecutor noted that Evilsizor had been sentenced to prison twice in the past.

{¶ 18} The victim read a prepared statement at the sentencing hearing. She told the court that she believed the offense was "based on an alcohol dependency." She requested that Evilsizor receive some form of treatment. She expressed that she would like Evilsizor to be there for his children physically and financially.

{¶ 19} Defense counsel asked the trial court to consider community control. Counsel noted that Evilsizor had written a thoughtful letter to the court prior to sentencing, that he was "extremely remorseful," and that he had "significant alcohol issues." Counsel further argued that the victim's concern was not just financial; she and Evilsizor "rely on each other for advice, support, and counsel." Counsel further emphasized that Evilsizor had not been in prison since 2002, and that he had attempted to get enrolled in programming while in jail. Evilsizor had started attending church services and receiving

mental health counseling in jail. Counsel stated that Evilsizor acknowledged the violations of the no-contact order, but claimed that the use of different numbers was not intended to be deceitful.

**{¶ 20}** Speaking on his own behalf, Evilsizor apologized for his conduct and expressed that he "would never handle anything like this sober. * * * I'm not a danger to anyone. I've never done anything stupid that caused anybody problems without drinking."

**{¶ 21}** The trial court reviewed Evilsizor's criminal history with him, which began when Evilsizor was a juvenile, including a juvenile adjudication for assault. (Evilsizor was 40 years old at sentencing.) As a young adult, Evilsizor had numerous convictions, including a conviction for burglary, a second-degree felony, for which he ultimately served two years in prison. Other convictions were for attempted assault (twice), domestic violence (2004 and twice in 2014), forgery, underage alcohol, telephone harassment (2003 and 2014), and violating a protection order (multiple times). The court also talked with Evilsizor about his children and their mothers.

**{¶ 22}** Prior to imposing sentence, the trial court considered the sentencing factors and considerations in R.C. 2929.11 and R.C. 2929.12. The court noted that the victim was six months pregnant when the offense occurred, and found that Evilsizor had previously committed several acts of violence. The court further found that Evilsizor had not responded favorably to sanctions previously imposed, that he did not show genuine remorse by minimizing his criminal conduct, that he violated the court's no-contact order, and that he was likely to recidivate. The trial court imposed 36 months in prison, commenting that "[i]f the Court could impose more, it would" and that Evilsizor was "a danger to our society." The court stated that it had also considered Evilsizor's present

and future ability to pay financial obligations, finding him to be employable and in good health.

{¶ 23} We find no non-frivolous issue based on the court's imposition of a maximum 36-month sentence. There is nothing that clearly and convincingly demonstrates that the record does not support the trial court's sentence.

{¶ 24} Moreover, we find no potentially meritorious claim that the court should not have imposed financial obligations. The PSI reflects that Evilsizor obtained a GED in 1998 and that he had held employment as a cook as recently as January 2019. Moreover, although Evilsizor reported having no assets or monthly income, Evilsizor told the presentence investigator that, when he was not incarcerated, he had stable employment and was able to support himself financially.

{¶ 25} The trial court disapproved of Evilsizor's placement in an intensive program prison (IPP). Pursuant to R.C. 2929.19(D), a trial court may recommend placement in IPP, disapprove placement, or make no recommendation. If the court recommends or disapproves placement, "it shall make a finding that gives its reasons for its recommendation or disapproval." *Id.* This court has previously held that a general statement indicating that the trial court based its decision to approve or disapprove IPP after reviewing certain parts of the record (such as criminal history, PSI, and facts and circumstances of the offense) does not satisfy the finding requirement in R.C. 2929.19(D). *E.g., State v. Peltier*, 2d Dist. Champaign No. 2018-CA-21, 2019-Ohio-569.

{¶ 26} Any error in the disapproval of IPP is necessarily harmless, however, when the defendant is not eligible for IPP. *E.g., State v. Kendall*, 2d Dist. Champaign No. 2019-CA-5, 2019-Ohio-2836, ¶ 26; *State v. Felton*, 2d Dist. Montgomery No. 27239,

2017-Ohio-761, ¶ 29. R.C. 5120.032(B)(2)(a) states that a prisoner is not eligible to participate in an intensive program prison if he or she "previously has been imprisoned for aggravated murder, murder, or a felony of the first or second degree."

**{¶ 27}** Here, the presentence investigation report indicates that Evilsizor was convicted of burglary, a second-degree felony, in 1997. Although Evilsizor originally received three years of community control for that offense, his community control was revoked and he served two years in prison. As a result, Evilsizor was ineligible to participate in IPP. Accordingly, we find no arguably meritorious claim that the trial court committed reversible error in its disapproval of that program.

**{¶ 28}** Finally, we find no non-frivolous issue related to the trial court's order to withhold funds from Evilsizor's inmate account. We have found similar language to be an appropriate method for collecting court costs and court-appointed counsel fees. *See, e.g., State v. Skirvin*, 2d Dist. Champaign No. 2017-CA-26, 2019-Ohio-2040; *Kendall* at ¶ 28-30.

## IV. Conclusion

**{¶ 29}** We have examined the entire record and conducted our independent review in accordance with *Penson*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. We agree with appellate counsel that no non-frivolous issues exist for appeal. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . .

WELBAUM, P.J., and DONOVAN, J., concur.

Copies sent to:

Kevin Talebi
Steven H. Eckstein
Raymond George Evilsizor
Hon. Nick A. Selvaggio