[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 26.]

THE STATE EX REL. OLIVER, APPELLANT, *v*. SOUTHEASTERN ERECTORS, INC.;

INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Oliver v. Southeastern Erectors, Inc.*, 1996-Ohio-160.]

*Workers' compensation—Violation of a specific safety requirement—Industrial Commissioner's refused to consider whether Ohio Adm.Code 4121:1-3-03(J)(1) was violated is an abuse of discretion, when.*

(No. 94-1645—Submitted April 30, 1996—Decided July 3, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD04-597.

_____

{¶ 1} Appellant-claimant, Homer Oliver, was injured on March 2, 1987, while in the course of and arising from his employment with Southeastern Erectors, Inc. After his workers' compensation claim was allowed, he moved appellee, Industrial Commission of Ohio, for additional compensation, alleging violations of several specific safety requirements ("VSSR") by his employer. His application described his accident as follows:

"Claimant was [engaged] in roofing on a flat roof 30 ft. high when a strong wind caused the insulation he was working with to become caught in his legs. The wind blew him off the roof."

The application alleged violations of Ohio Adm. Code 4121:1-3-09(E)(1),(E)(2), (F)(1) and (F)(2), and 4121:1-3-03(L)(1).

{¶ 2} On March 21, 1989, a special investigator for the commission noted that, "at the time of the accident the claimant was wearing a safety belt but there was nothing for him to hook onto. * * * [T]here was no catch platform, railings or similar barriers of any kind on the building. * * * [T]here was no safety net used or available on the job site." On September 14, 1989, claimant's counsel, for the

first time, informed the commission that the quoted passage suggested a violation of Ohio Adm. Code 4121:1-3-03(J)(1), which had not been cited originally.

{¶ 3} At the hearing on his motion, appellant conceded the inapplicability of Ohio Adm. Code 4121:1-3-09(E)(1), (E)(2) and (F)(1). Subsequently, a commission staff hearing officer found Ohio Adm. Code 4121:3-09(F)(2) and (L)(1) to be inapplicable in this case, and refused to consider the claimed violation of Ohio Adm. Code 4121:1-3-03(J)(1) for the reason that the allegation had not been timely raised.

{¶ 4} On March 20, 1991, the commission granted claimant's request for rehearing "* * * for the reason it has been demonstrated that the order of January 7, 1991, was based on an obvious mistake of law. The obvious mistake of law is: failure to allow an amendment to the application to include 4121:1-3-03(J)(1)    * * *."

{¶ 5} On rehearing, the commission again found Ohio Adm. Code 4121:1-3-09(F)(2) and (L)(1) inapplicable. The commission also reaffirmed its conclusion that claimant had untimely asserted a violation of Ohio Adm. Code 4121:1-3-03(J)(1). Further reconsideration was denied.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in finding no VSSRs and in failing to consider Ohio Adm. Code 4121:1-3-03(J)(1). The court of appeals denied the writ.

{¶ 7} This cause is now before this court upon an appeal as of right.

———————————

*Bella, Crosthwaite & Newman* and *Ronald T. Bella*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellee.

———————————

*Per Curiam.*

{¶ 8} Claimant accuses the commission of abusing its discretion in finding Ohio Adm. Code 4121:1-3-09(F)(2) inapplicable, [1] and refusing to consider whether Ohio Adm. Code 4121:1-3-03(J)(1) was violated. We are persuaded by claimant's second contention only.

{¶ 9} To successfully assert a VSSR, a claimant must establish that his or her injury resulted from the employer's failure to comply with a specific safety requirement. *State ex rel. Whitman v. Indus. Comm.* (1936), 131 Ohio St. 375, 6 O.O. 88, 3 N.E.2d 52. A requirement is sufficiently specific when it "embraces such lawful, specific and definite requirements or standards of conduct * * * which are of a character plainly to apprise an employer of his legal obligation toward his employees." *State ex rel. Trydle v. Indus. Comm.* (1972), 32 Ohio St.2d 257, 61 O.O.2d 488, 291 N.E.2d 748, paragraph one of the syllabus.

{¶ 10} At issue is Ohio Adm. Code 4121:1-3-09(F)(2), which reads in part:

"(F) Catch platforms for pitched and flat roofs

"(1) Catch platforms for pitched roofs

"On pitched roofs with a rise of four inches in twelve or greater, sixteen feet or more above ground, and not having a parapet of at least thirty inches in height, catch platforms shall be installed. The platform shall extend two feet beyond the projection of the eaves and shall be provided with a standard guardrail substantially fixed in place. Safety belts attached to a lifeline which is securely fastened to the structure may be used in lieu of a catch platform.

"(2) For flat roofs

"On flat roofs not having a parapet of at least thirty inches in height, a standard guardrail substantially fixed in place *may* be used. Safety belts attached

---

1. Appellant appears to concede the inapplicability of Ohio Adm. Code 4121:1-3-09(L)(1) to this case.

to a lifeline which is securely fastened to the structure *may* be used in lieu of a standard guardrail." (Emphasis added.)

{¶ 11} Citing the provision's use of the term "may," the commission found that Ohio Adm. Code 4121:1-3-09(F)(2) imposed no mandatory specific duties on the employer and could not, therefore, form the basis of a VSSR. Claimant counters that when read with provision (F)(1), provision (F)(2) did impose a mandatory obligation that was not fulfilled. We disagree. Even if these provisions couild be read together, we agree with the commission that no mandatory specific duties are apparent to an employer interpreting provision (F)(2). We therefore hold that the commission did not abuse its discretion in finding Ohio Adm. Code 4121:1-3-09(F)(2) inapplicable herein.

{¶ 12} Claimant also alleges a violation of Ohio Adm. Code 4121:1-3-03(J)(1). He did not, however, cite this section on his original VSSR application. Claimant argues that this omission is not fatal, since his application put all parties on notice that a violation of provision (J)(1) was being alleged. We agree.

{¶ 13} Adequate notification may exist where an omitted regulation is obviously related to a regulation that was cited or was contained in a rule "immediately proximate" to it. *State ex rel. Kirby v. S.G. Loewendick & Sons, Inc.* (1992), 64 Ohio St.3d 433, 437, 596 N.E.2d 460, 463. In this case, we find the requisite similarity in content.

{¶ 14} Ohio Adm. Code 4121:1-3-03(J)(1) provides:

"Lifelines, safety belts and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment when engaged in securing or shifting thrustouts, inspecting or working on overhead machines that support scaffolds, or on other high rigging, on steeply pitched roofs, by employees that work on poles or steel framed construction, by employees working on all swinging scaffolds, by all employees exposed to hazards of falling when the operation being performed is more than fifteen feet above ground or above a floor

4

or platform, and by employees required to work on stored material in silos, hoppers, tanks, and similar storage areas. Lifelines and safety belts shall be securely fastened to the structure and shall sustain a static load of no less than five thousand four hundred pounds."

{¶ 15} Claimant did not cite this section, but did cite Ohio Adm. Code 4121:1-3-03(L)(1), which requires the use of safety nets where catch platforms or safety belts are impractical. *Kirby, supra,* suggested that Ohio Adm. Code 4121:1-3-03(J)(1) and (L)(1) are conceptually similar. Claimant also cited Ohio Adm. Code 4121:1-3-09(F)(1) and (F)(2), which, like Ohio Adm. Code 4121:1-3-03(J)(1), discussed the use of safety belts and lifelines. We thus find that the omitted and cited provisions are sufficiently related so as to adequately apprise the parties of a potential violation of Ohio Adm. Code 4121:1-3-03(J)(1) as well. Accordingly, Ohio Adm. Code 4121:1-3-03(J)(1) should be treated as having been raised initially.

{¶ 16} We, therefore, affirm that portion of the judgment of the court of appeals that found Ohio Adm. Code 4121:1-3-09(F)(2) inapplicable. That portion of the judgment which found that the commission properly refused to consider the claimed violation of Ohio Adm. Code 4121:1-3-03(J)(1) is reversed, and the cause is returned to the commission for consideration of that alleged violation and an amended order, if any.

*Judgment reversed in part*
*and affirmed in part.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and STRATTON, JJ., concur.

PFEIFER and COOK, JJ., dissent and would affirm the judgment of the court of appeals in its entirety.

_____