DECISION
{¶ 1} Relator, Sanor Sawmill, Inc., commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting respondent, Tony Prendergast ("claimant"), an additional award for the violation of a specific safety requirement ("VSSR").
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found there was some evidence to support the commission's conclusion: (1) that an applicable and specific safety requirement existed which was in effect at the time of the injury; (2) that relator failed to comply with that requirement; and (3) that the failure to comply was the cause of the claimant's injury. Therefore, the magistrate determined the commission did not abuse its discretion in granting a VSSR award and she has recommended that we deny the requested writ of mandamus.
 {¶ 3} Relator filed objections to the magistrate's decision arguing that Ohio Adm. Code 4121:1-5-08(D)(2)(a) does not apply to the saw in question. Relator further asserts that the commission abused its discretion by not commenting on the evidence supporting relator's position, that Ohio Adm. Code 4121:1-5-08(D)(2)(a) does not apply and that the saw in question cannot be equipped with the type of guard referenced in this code provision. Lastly, relator argues that claimant's conduct was the sole proximate cause of his injuries.
 {¶ 4} Following an independent review pursuant to Civ.R. 53, we find relator's arguments unpersuasive. The code provision at issue, Ohio Adm. Code 4121:1-5-08(D)(2)(a), by its express terms, applies to a "circular rip saw (power feed)." It is undisputed that the saw in question had a 60-inch circular saw blade and was power fed. The saw was used to rip lumber into boards. The commission had before it an investigation report that included pictures of the saw. There was also evidence before the commission describing the saw's operation. The absence of a "hood-type guard" on the saw blade was undisputed. Given these facts, there is evidence in the record sufficient to support the commission's finding that Ohio Adm. Code 4121:1-5-08(D)(2)(a) applied and that the saw was not guarded as required by law. Therefore, the commission did not abuse its discretion in granting claimant a VSSR award.
 {¶ 5} Although the commission is required to review all of the evidence before it, it is required to cite only that evidence upon which it relied and to give a brief explanation of its decision. The commission is not required to discuss relator's evidence or to explain why that evidence was unpersuasive. Here, the commission cited the evidence upon which it relied and sufficiently explained its decision. Moreover, if there was some reason why this saw could not be guarded with a hood-type guard as contemplated by the code provision, relator could have requested an exemption pursuant to Ohio Adm. Code 4121:1-5-01(A). Relator failed to seek such an exemption.
 {¶ 6} Lastly, relator argues that claimant's own conduct was the proximate cause of his injuries. However, as the magistrate correctly points out in her decision, the unilateral negligence of an employee precludes a VSSR award only in those instances in which the employer's actions violated the safety requirement, subsequent to the employer's compliance with the requirement. Here, relator failed to comply with the specific safety requirement prior to the accident.
 {¶ 7} Therefore, we overrule relator's objections to the magistrate's decision. We adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled;
Writ of mandamus denied.
BOWMAN and TYACK, JJ., concur.
 IN MANDAMUS {¶ 8} Relator, Sanor Sawmill, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting respondent Tony Prendergast ("claimant") an additional award for the violation of a specific safety requirement ("VSSR").
Findings of Fact:
 {¶ 9} 1. Claimant was employed as a sawyer (an operator of sawmill log cutting equipment) by relator. On August 14, 1998, claimant sustained a work-related injury when he was pulled into a 60-inch circular saw blade while attempting to dislodge a piece of wood. Claimant's claim as been allowed for the following: "right shoulder degloving with loss of deltoid muscle; laceration right forearm, complicated; lacerated right third finger with flexor tendon exposed; lacerated right fourth finger with flexor tendons exposed."
 {¶ 10} 2. On July 26, 2001, claimant filed an application contending that relator had violated a specific safety requirement which was the proximate cause of his injuries. Claimant contended that relator had violated Ohio Adm. Code 4121:1-5-08.
 {¶ 11} 3. An investigation was conducted by the Ohio Bureau of Workers' Compensation's ("BWC") safety violations investigator and a report was prepared. (Record 148-154N.)
 {¶ 12} 4. Relator submitted affidavits from co-employees of claimant indicating that the injuries never would have occurred if claimant would have simply turned off the saw before attempting to remove the wood which was jammed. Further, relator submitted the August 28, 2001 report prepared by David E. Tooch and Associates, indicating that the saw blade in question, and the purposes for which it was utilized, demonstrate that the cited code section does not apply, and further indicating that claimant's own actions were the proximate cause of his injuries. Relator also submitted the January 18, 2000 report of Casey Creamer from Seneca Saw Works, Inc., who also indicated that the saw blade in question cannot be guarded as required by the code section.
 {¶ 13} 5. The matter was heard before a staff hearing officer ("SHO") on July 26, 2001, and resulted in an order granting the VSSR. The SHO found that Ohio Adm. Code 4121:1-5-08(D)(2)(a) applied as follows:
 {¶ 14} "It is further the finding of the Staff Hearing Officer that the injured worker's injury was the result of employers failure to provide a hood-type guard as required by OAC 4121:1-5-08(D)(2)(a), the Code of Specific Requirements of the Industrial Commission relating to circular rip saw (power feed). Specifically, it is found that claimant was employed as a sawyer operating a 5 foot circular saw being used to rip logs into boards; that logs were fed into such blade by a powered carriage; that there was no hood-type guard covering any portion of the saw blade; that when a piece of wood jammed between the blade and its surrounding apparatus and claimant reached into the proximity of the blade to remove the piece, his hand was caught between the stuck piece of wood and the turning blade puling claimant into contact with the blade and causing the injuries allowed herein.
 {¶ 15} "Initially, claimant cited violation of OAC 4121:1-5-08. At hearing claimant withdraw [sic] all allegations except for OAC4121:1-5-08(D)(2)(a) which requires in pertinent part `a hood-type guard shall be provided '
 {¶ 16} "In that it has been found that the saw was a circular saw, being used for ripping, and was fed by powered apparatus (vs. manually) OAC 4121:1-5-08(D)(2)(a) is held to be applicable. Staff Hearing Officer notes that the employer vigorously argues that the mention of `table' in delineating the level to which such hood needs extend downward and the saw not being equipped with a table PER-SE creates such an ambiguity as to not place employer upon notice of the guarding requirement, thus rendering OAC 4121:1-5-08(D)(2)(a) inapplicable. Staff Hearing Officer is not persuaded by such argument, finding that the SSR in [sic] unequivocal in its requirement that a hood-type guard shall be provided, and does not make the provision such guard conditional upon any other element.
 {¶ 17} "Inasmuch as it has been found that there was no guard of any sort covering any portion of the saw blade above the top of the axle upon which it turned (see photo's #7, 9, 11, 14, and 16 of employer's exhibit 1), OAC 4121:1-5-08(D)(2)(a) is held to have been violated.
 {¶ 18} "Since claimant's injuries were found to have been caused by coming into contact with the blade of the saw, the violation of OAC4121:1-5-08(D)(2)(a) is held to be the proximate cause of claimant's injury. Staff Hearing Officer notes that employer argues vigorously that claimant was at fault for not having turned off the saw prior to approaching it. Such argument is found NOT to be persuasive. By their very nature, SSR's are intended to protect against certain severe hazards regardless of proper or safe behavior of employees.
 {¶ 19} "Employer further argues that the booth from which claimant operated the saw provided equivalent protection. The occurrence of claimant's injury highlights the unpersuasiveness of such argument.
 {¶ 20} "Finally, the Staff Hearing Officer notes that the facts in SMITH (No. 81AP-78, 10th Appellate District) [sic] are analogous enough to the facts of the instant case as to merit deference (while acknowledging that such unpublished decision is not controlling in law) to the reasoning enunciated therein. Staff Hearing Officer notes parenthetically that although such case involved earlier versions of the SSR's, that the guarding requirement was not materially different." (Emphasis sic.)
 {¶ 21} 6. Relator's motion for rehearing was denied by order of the commission mailed October 17, 2001, on the grounds that the employer had not submitted any new and relevant evidence, nor shown that the order of the SHO was based on obvious mistake of fact or clear mistake of law.
 {¶ 22} 7. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 24} In regard to an application for an additional award for a VSSR, relator must establish that an applicable and specific safety requirement exists which was in effect at the time of the injury, that the employer failed to comply with the requirement and that the failure to comply was the cause of the injuries in question. State ex rel. Trydle v. Indus. Comm. (1972), 32 Ohio St.2d 257. An interpretation of a specific safety requirement is within the final jurisdiction of the commission. State ex rel. Berry v. Indus. Comm. (1983), 4 Ohio St.3d 193. Because a VSSR award is a penalty, it must be strictly construed and all reasonable doubts concerning the interpretation of this safety standard are to be construed against its applicability to the employer. State ex rel. Burton v. Indus. Comm. (1989), 46 Ohio St.3d 170.
 {¶ 25} The relevant code provisions are found within Ohio Adm. Code Chapter 4121:1-5 which provides specific safety requirements relating to work shops and factories. The relevant Ohio Adm. Code4121:1-5-08(D)(2)(a) provides as follows:
 {¶ 26} "(D) Circular saws.
 {¶ 27} "* * *
 {¶ 28} "(2) Circular rip saw (power feed).
 {¶ 29} "(a) Guarding.
 {¶ 30} "A hood-type guard shall be provided but need not rest upon the table nor upon the material being cut, but shall extend to a line not more than three-eighths of an inch above the plane formed by the bottom of the top feed rolls."
 {¶ 31} As the SHO noted, claimant was employed as a sawyer operating a five foot circular saw being used to rip logs into boards, the logs were fed into the blade by way of a powered carriage and there was no hood-type guard covering any portion of the saw blade exposed above the table. When a piece of wood jammed between the blade and the kick plate, claimant reached into the proximity of the blade to remove the piece of wood and his hand was caught between the stuck piece of wood and the turning blade pulling him into contact with the blade and causing the injuries allowed in his claim.
 {¶ 32} Relator contends that the saw at issue, while circular in shape and designed to cut logs into boards, does not actually qualify as a "circular rip saw" so that the code provision does not apply. Relator contends that the proper name designation for this saw is a "head saw" which is used for cutting timber against the grain and which cannot be practically guarded at the point of a cutting process.
 {¶ 33} In fact, relator presented evidence from Casey Creamer, the owner of Seneca Saw Works, Inc., Michael G. Long, an employee of the Department of Forestry, and David Tooch, an expert in the sawmill/lumber area. All three concluded that the saw in question was a "head saw" and that the code provision cited did not apply. Relator contends that the commission ignored this evidence. Relator asserts that the commission was required to weigh all the evidence presented and then discuss that evidence as part of its decision. This magistrate disagrees with relator's argument.
 {¶ 34} The commission is required to review all the evidence before it, and is then required to cite that evidence upon which it relied and give a brief explanation. The commission did so in the present case. The commission was not required to discuss relator's evidence and explain the reasons why that evidence was not found persuasive.
 {¶ 35} As is apparent from a review of the record, the SHO had relator's arguments in front of it as well as the investigation report which included pictures of the saw blade in question. The SHO concluded that the saw blade in question was indeed a circular saw blade and that it was used to rip lumber into boards. As such, by definition, the SHO found that the provisions of Ohio Adm. Code 4121:1-5-08(D)(2)(a) pertain to this particular saw blade. Because there is some evidence in the record to support this finding, this magistrate finds that the commission did not abuse its discretion in reaching this conclusion. Relator has not shown a clear legal right to the relief requested.
 {¶ 36} Relator contends further that it supplied evidence from Mr. Creamer and from two associates indicating conclusively that this type of saw blade cannot be practically guarded. However, that question was in front of the SHO who disagreed with both relator's factual as well as legal arguments.
 {¶ 37} Relator cited State ex rel. Oliver v. Southeastern Erectors, Inc. (1996), 76 Ohio St.3d 26, to support its argument that the employer was not put on notice of the specific safety requirements. The issue in Oliver involved Ohio Adm. Code 4121:1-3-09(F)(2) which provides, in part, that on flat roofs without parapet a standard guard rail substantially fixed in place may be used. The use of the word "may" was the basis for the court's finding that no mandatory specific duty was imposed on the employer in Oliver. However, in the present case, the code provision specifically provides that with regard to a circular rip saw (power feed), hood-type guard shall be provided, but need not rest upon the table nor upon the material being cut. By the provision's use of the word "shall," the employer was put on notice and Oliver is inapplicable.
 {¶ 38} Relator also contends that it provided a booth from which claimant could safely operate the saw and that the booth itself constitutes a "guard" for purposes of the code provision. However, the fact that the booth may be a guard is not the issue in the present case. Instead, the commission determined that the saw involved fell within the provisions of Ohio Adm. Code 4121:1-5-08(D)(2)(a) and that the employer was required to provide a hood-type guard. Further, the commission found that the lack of a guard was the cause of claimant's injury.
 {¶ 39} Further, relator contends that it was the unilateral negligence of claimant that caused his injuries. However, the unilateral negligence of an employee precludes a VSSR award only in those instances in which the employee's actions violated the safety requirement, subsequent to the employer's compliance with the requirement. State ex rel. Frank Brown Sons, Inc. v. Indus. Comm. (1988),37 Ohio St.3d 162. As a general rule, the negligence, foully, stupidity, or absent-mindedness of an employee will not bar recovery for a VSSR. Instead, the focus remains on whether the employer complied with the specific safety requirement prior to the occurrence of the incident.
 {¶ 40} The determination of a disputed factual situation, as well as the inter-pretation of a specific safety requirement is within the final jurisdiction of the commission, subject to correction by an action in mandamus upon a showing of an abuse of discretion. State ex rel. Morrissey v. Indus. Comm. (1985), 18 Ohio St.3d 285, provided that the commission's decision is supported by some evidence, the commission has not abused its discretion, and mandamus will not lie.
 {¶ 41} Because this magistrate finds that there is some evidence in the record which the commission cited in support of its decision to find a VSSR, relator has not demonstrated that the commission abused its discretion and this court should deny relator's request for a writ of mandamus.